UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO.   3-14-cv 372-H

*Electronically Filed*

KENTUCKY DEPARTMENT OF AGRICULTURE                          **PLAINTIFF**

v.

U.S. DRUG ENFORCEMENT AGENCY, and
U.S. CUSTOMS AND BORDER PROTECTION, and
U.S. DEPARTMENT OF JUSTICE, and
ERIC HOLDER                                                 **DEFENDANTS**

      Serve: David J. Hale
           U.S. Attorney for the Western District of Kentucky
           717 West Broadway
           Louisville, Kentucky  40202

           Eric Holder
           Attorney General of the United States
           U.S. Department of Justice
           950 Pennsylvania Avenue, NW
           Washington, DC 20530-0001

## VERIFIED PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF

Comes the Plaintiff, Kentucky Department of Agriculture ("KDA"), by counsel, and for its complaint against the Defendants, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     KDA is an executive branch agency of the Commonwealth of Kentucky state government, established under the Constitution and statutes of Kentucky. The chief officer of the KDA is its Commissioner, James R. Comer who was duly elected after a statewide election in 2011.

2.      The Defendants are various departments, agencies, and their administrative leader, of the United States government which have jurisdiction over certain aspects of law enforcement, customs and border security, and related governmental functions.

3.      The KDA has been authorized under §7606 of the federal Agricultural Act of 2014 (Public Law No: 113-79, not yet codified) ("Farm Bill") to grow or cultivate industrial hemp so long as it is for research purposes, and the legislature has approved the cultivation of industrial hemp. A copy of § 7606 is attached hereto as **Exhibit 1**. In the Farm Bill, Congress specifically directed that such industrial hemp cultivation is authorized "Notwithstanding the Controlled Substances Act (21 U.S.C. 801 et seq.), the Safe and Drug-Free Schools and Communities Act (20 U.S.C. 7101 et seq.), chapter 81 of title 41, United States Code, **or any other federal law**. . . ." (Emphasis added). The Farm Bill was signed into law by the President on February 7, 2014.

4.      As contemplated by the Farm Bill, the growing or cultivating of industrial hemp is authorized under the laws of the Commonwealth of Kentucky. Specifically, Kentucky 2014 Senate Bill 50 (codified at various locations in the Kentucky Revised Statutes) became law on April 7, 2013 ("Kentucky Industrial Hemp Law"). Among other steps to authorize and regulate industrial hemp cultivation in Kentucky, the Kentucky Industrial Hemp Law codifies the fact that industrial hemp is different from marijuana and is not regulated or subject to Kentucky's Controlled Substances Act; establishes conditions and procedures for the licensing of industrial hemp growers by the Department of Agriculture; specifies stipulations for growers having an industrial hemp grower license; and requires periodic reports to the Kentucky Industrial Hemp Commission. A copy of Senate Bill 50 as passed is attached hereto as **Exhibit 2**.

5.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 because it arises under the Constitution and laws of the United States; pursuant to 28 U.S.C. §1346 because this action involves claims against agencies of the United States government; and pursuant to 28 U.S.C. §1361 because this action involves claims in the nature of mandamus to compel officers and/or employees of the United States government to perform their duty.

6.    Venue is proper in this Court based upon 28 USC §1391(a), because substantial events which give rise to this Compliant occurred in this judicial district, and based upon 28 USC §1391(d), because the cause of action arose in this judicial district.

## GENERAL ALLEGATIONS

**Factual Allegations.**

7.    Kentucky has a long history of growing hemp for fiber, rope, and other industrial applications; however, when legal prohibitions on marijuana were enacted, hemp farming became illegal.  The Farm Bill and Kentucky Industrial Hemp Law were enacted in recognition of strong interest in, and support for, the ability of farmers in Kentucky and elsewhere to legally grow a useful, non-intoxicating industrial product.   The KDA and many citizens of the Commonwealth of Kentucky believe that industrial hemp may hold great economic promise for Kentucky farm families.

8.    When the Farm Bill and Kentucky Industrial Hemp Law were enacted, authorizing industrial hemp cultivation under limited and controlled conditions, the KDA sought guidance from the Kentucky Attorney General on how legally to obtain seeds to begin the pilot cultivation programs envisioned by the legislation.  The Attorney General opined that the Farm Bill appeared to exempt hemp pilot programs from the Controlled Substances Act, thereby

allowing the sale of hemp in Kentucky by such programs.   A copy of the Attorney General's letter is attached hereto as **Exhibit 3**.

9.      As authorized by federal and state law, the Kentucky Industrial Hemp Commission and multiple Kentucky universities designed and planned eight pilot programs to investigate and study industrial hemp's potential as a crop, including studies of methods to grow and harvest hemp and potential uses of hemp.  Considerable planning, effort, and expense have been expended to develop these pilot programs.  Financial resources and personnel have been committed to carry out these pilot programs by the KDA, the Kentucky Industrial Hemp Commission, and the partner Kentucky universities.

10.     To initiate the industrial hemp pilot programs, the KDA made arrangements to import a shipment of industrial hemp seeds from outside of the United States.  The Kentucky Industrial Hemp Commission purchased and paid consideration for the hemp seeds.  The hemp seeds were transported via UPS.  Defendant U.S. Customs and Border Protection ("CBP") was made aware of the shipment of hemp seeds and their purpose, and allowed the hemp seeds' entry into the U.S. at Chicago and their transportation to Louisville, Kentucky.

11.     With the knowledge and approval of the CBP, the hemp seeds were transported to Louisville, from where they were to be distributed to legally permitted sites in Kentucky where they were intended to be used for agricultural purposes approved in the Farm Bill and Kentucky industrial hemp bill.  However, as of May 14, 2014, one or more of the Defendants blocked further shipment and distribution of the hemp seeds.  Upon information and belief, the hemp seeds remain in the hands of UPS at its air shipment facility in Louisville.

12.     The KDA transmitted a letter on May 12, 2014 to the Acting Port Director, U.S. Customs and Border Protection, requesting the opportunity to coordinate the prompt and orderly

release of the seeds. A copy of the KDA's letter is attached hereto as **Exhibit 4**. No response has been received to that letter.

13.    KDA officials held a telephone conversation with officials of Defendant U.S. Department of Justice ("DOJ") on May 13, 2014. Subsequent to that telephone conversation, Defendant U.S. Drug Enforcement Agency ("DEA") through a letter from its deputy assistant administrator ("DEA letter"), informed the KDA that the Defendants are holding the seeds at the Louisville airport under their interpretation of the Controlled Substances Import and Export Act. As stated in the DEA letter, attached hereto as **Exhibit 5,** "the *importation* of cannabis seeds continues to be subject to the Controlled Substances Import and Export Act (CSIEA.)" (Emphasis in original DEA letter.)

14.    Despite the enactment of federal and state legislation that exempts the growing and cultivation of industrial hemp from the Controlled Substances Act under the present circumstances, the Defendants as stated in the DEA letter insist that these seeds are subject to the CSIEA, and have expressed their intent to impose numerous improper and unsupported conditions before allowing the hemp seeds to be delivered and distributed as planned, including but not limited to requiring the KDA to obtain a Schedule 1 research registration; requiring that industrial hemp be grown only on KDA-owned property; and prohibiting the KDA from distributing hemp seeds to duly authorized participants in KDA-administered pilot programs.

15.    A telephone conversation was held between KDA legal counsel and DEA officials on May 14, 2014 in an attempt to clarify the DEA's position and determine whether it is subject to further change. DEA staff on that telephone conversation stated that he did not have authority to make any comment on that, and suggested KDA send a letter to DEA making a counter-offer to the DEA letter.

**Immediate and irreparable harm.**

16.     Upon information and belief, based upon the KDA's extensive recent studies of industrial hemp, hemp seeds should be planted from late March to not later than June 1, to take advantage of the growing season in Kentucky and to properly perform the pilot programs as authorized in federal and state law as referenced in Exhibits 1 and 2. As of the date of this Complaint, every day that passes without the pilot programs being initiated is likely to reduce the probability of a viable industrial hemp crop being produced.

17.     The pilot programs overseen by the KDA must replicate growing conditions that a commercial farmer would utilize to accurately study methods of cultivating industrial hemp and applications for industrial hemp products.  If the hemp seeds are not distributed and planted within the normal time frame of the growing season, the researchers will not be able to generate real-world data about how the crop responds to growing conditions.  Planting hemp seeds later in the summer is unlikely to accurately replicate a commercially produced industrial hemp crop.

18.     Upon information and belief, other states and/or universities are actively moving forward with industrial hemp pilot programs.  Commercial hemp production is likely to become a competitive industry, and the KDA does not intend to allow other states to gain a competitive edge over Kentucky by moving forward more quickly.

19.     Defendant DEA and/or other Defendants are violating the provisions of the Farm Bill by engrafting upon it additional regulatory and bureaucratic requirements that were not contemplated or enacted by the U.S. Congress.  There is no provision in the Farm Bill or in any regulation in furtherance of the Farm Bill allowing Defendant DEA and/or other Defendants to impose additional requirements, restrictions, or prohibitions upon an institution of higher education or a state department of agriculture that is engaged in industrial hemp cultivation as

contemplated by the Farm Bill.  Upon information and belief, Defendant DEA has in the past issued rulings that non-psychoactive industrial hemp and hemp seeds are not Schedule 1 drugs and are not subject to the Controlled Substances Act.  The actions of Defendant DEA and/or other Defendants in stopping delivery of the hemp seeds, in the face of clear guidance from Congress, are arbitrary, capricious, not supported by any reasonable governmental or public interest, and not rationally related to carrying out any legitimate governmental purpose.

20.     The KDA, the Kentucky Industrial Hemp Commission, the partner Kentucky universities, and the citizens of the Commonwealth of Kentucky are suffering and will continue to suffer immediate, irreparable harm if the Defendants continue to cause the hemp seeds to be detained and prevent their delivery to the sites of the approved and authorized pilot programs. The KDA is aware of no alternative source of hemp seeds that would not be subject to the arbitrary and capricious stoppage that has occurred in this case.  The KDA has no intention of arranging for the illegal, surreptitious, or black market purchase of hemp seeds.  Accordingly, in order to carry out the pilot projects, Plaintiff KDA must obtain delivery of the hemp seeds being improperly delayed by the Defendants.

## COUNT ONE
## INJUNCTIVE RELIEF

21.     Plaintiff KDA incorporates by reference herein the allegations set forth in all prior paragraphs as if set forth fully herein.

22.     Plaintiff KDA's rights under the Farm Bill and the Kentucky industrial hemp bill are being and will continue to be violated by the actions of Defendants in, without limitation: (a) causing delivery of the hemp seeds to be interrupted and stopped without legal justification; (b) requiring the KDA and each of the participating universities to obtain Schedule 1 research registration; requiring that industrial hemp be grown only on KDA-owned property; and

prohibiting the KDA from distributing hemp seeds to duly authorized participants in KDA-administered pilot programs, all of which requirements are not authorized by the Farm Bill, without legal justification; (c) refusing to expedite the issuance of the improper and unauthorized Schedule 1 research registration; (d) causing the KDA and its partner organizations to miss the appropriate growing season for industrial hemp, thereby causing, among other things, waste of public resources; and (e) acting in an arbitrary and capricious manner.

23.    Plaintiff KDA's ability to obtain complete relief will be irreparably harmed if the Defendants are allowed to continue to arbitrarily and capriciously block distribution of the hemp seeds; impose additional requirements, restrictions, and prohibitions upon the KDA beyond the already significant requirements of the Farm Bill; block the implementation of the pilot programs designed and planned by KDA and its partner organizations; and place Kentucky at a competitive disadvantage to other states pursuing industrial hemp pilot programs.

24.    Pursuant to Fed.R.CivP. 65, Plaintiff KDA is entitled to a temporary restraining order, preliminary injunction, and permanent injunction against Defendants, prohibiting Defendants from, without limitation: (a) continuing to arbitrarily and capriciously block delivery and distribution of the hemp seeds; (b) imposing additional requirements, restrictions, and prohibitions upon the KDA beyond the requirements of the Farm Bill, including but not limited to requiring the KDA and each of the participating universities to obtain Schedule 1 research registration; requiring that industrial hemp be grown only on KDA-owned property; and prohibiting the KDA from distributing hemp seeds to duly authorized participants in KDA-administered pilot programs; (c) blocking the implementation of the pilot programs designed and planned by KDA and its partner organizations; and (d) placing Kentucky at a competitive disadvantage to other states pursuing industrial hemp pilot programs.

## COUNT TWO
## DECLARATORY JUDGMENT

25.     Plaintiff KDA incorporates by reference herein the allegations set forth in all prior paragraphs as if set forth fully herein.

26.     Based upon the factual allegations as set forth above, and other facts, there is an actual controversy between Plaintiff KDA and the Defendants herein regarding their respective rights and obligations pursuant to the Farm Bill.

27.     Plaintiff KDA is entitled to a declaratory judgment pursuant to 28 U.S. C.§ 2201 and Fed.R.Civ.P. 57 holding that (a) Plaintiff KDA is entitled to take delivery of the hemp seeds and proceed with the pilot programs under the Farm Bill; and (b) Defendants are not authorized to stop delivery of the hemp seeds, impose additional requirements (including but not limited to requiring the KDA and each of the participating universities to obtain Schedule 1 research registration; requiring that industrial hemp be grown only on KDA-owned property; and prohibiting the KDA from distributing hemp seeds to duly authorized participants in KDA-administered pilot programs) as a condition of delivery, or otherwise interfere with delivery of the hemp seeds to Plaintiff KDA.

## COUNT THREE
## RELIEF PURSUANT TO FED.R.CIV.P. 81

28.     Plaintiff restates and realleges all prior paragraphs as if set forth fully herein.

29.     The Defendants have a mandatory constitutional and statutory duty to refrain from acting in an arbitrary and capricious manner, to act only on the basis of substantial evidence in the record, and to treat Plaintiff KDA in the manner prescribed by Congress in the Farm Bill in the absence of a rational basis and legitimate governmental purpose for treating Plaintiff KDA otherwise. Defendants have failed or refused or carry out these duties.

30.     Plaintiff KDA is entitled to the relief in the nature of mandamus and/or prohibition pursuant to Fed.R.Civ.P. 81 requiring that the Defendants allow the shipment of industrial hemp seeds to proceed to its delivery to Plaintiff KDA and requiring that Defendants withdraw their insistence on unauthorized additional requirements, restrictions, and prohibitions upon the KDA beyond the requirements of the Farm Bill, including but not limited to requiring the KDA and each of the participating universities to obtain Schedule 1 research registration; requiring that industrial hemp be grown only on KDA-owned property; and prohibiting the KDA from distributing hemp seeds to duly authorized participants in KDA-administered pilot programs.

## COUNT FOUR
## EQUITABLE ESTOPPEL

31.     Plaintiff KDA incorporates by reference herein the allegations set forth in all prior paragraphs as if set forth fully herein.

32.     The U.S. government, through the Farm Bill, made assurances and representations to state departments of agriculture, including but not limited to Plaintiff KDA, that industrial hemp cultivation would be allowed if pursued according to the conditions set forth in the Farm Bill, with the intention that Plaintiff KDA rely upon said assurances and representations. Inherent in those assurances and representations was the assurance that industrial hemp seeds could be obtained and used for the purposes intended by the Farm Bill.

33.     Plaintiff KDA reasonably relied upon said assurances and representations to its detriment, including but not limited to its active role in promoting and pursuing the enactment of the Kentucky industrial hemp bill and in expending public funds of the Commonwealth of Kentucky to pursue industrial hemp pilot programs, including the purchase of the subject hemp seeds.

34.     Defendants are equitably estopped from denying or repudiating the assurances and representations of the U.S. government.

## RESERVATION OF CLAIMS

35.     Plaintiff KDA expressly reserves the right to amend this Complaint to add claims and/or parties as supported by further developments in the circumstances and/or evidence in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kentucky Department of Agriculture respectfully prays for the entry of judgment against Defendants as follows:

(a)     For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants, prohibiting Defendants from, without limitation: (a) continuing to arbitrarily and capriciously block delivery and distribution of the hemp seeds; (b) imposing additional requirements, restrictions, and prohibitions upon the KDA beyond the requirements of the Farm Bill, including but not limited to requiring the KDA and each of the participating universities to obtain Schedule 1 research registration; requiring that industrial hemp be grown only on KDA-owned property; and prohibiting the KDA from distributing hemp seeds to duly authorized participants in KDA-administered pilot programs; (c) blocking the implementation of the pilot programs designed and planned by KDA and its partner organizations; and (d) placing Kentucky at a competitive disadvantage to other states pursuing industrial hemp pilot programs.;

(b)     For a declaratory judgment pursuant to 28 U.S. C.§ 2201 and Fed.R.Civ.P. 57 holding that (a) Plaintiff KDA is entitled to take delivery of the hemp

seeds and proceed with the pilot programs under the Farm Bill; and (b) Defendants are not authorized to stop delivery of the hemp seeds, impose additional requirements (including but not limited to requiring the KDA and each of the participating universities to obtain Schedule 1 research registration; requiring that industrial hemp be grown only on KDA-owned property; and prohibiting the KDA from distributing hemp seeds to duly authorized participants in KDA-administered pilot programs) as a condition of delivery, or otherwise interfere with delivery of the hemp seeds to Plaintiff KDA;

(c)     For judgment in the nature of mandamus and/or prohibition requiring that the Defendants allow the shipment of industrial hemp seeds to proceed to its delivery to Plaintiff KDA;

(d)     For judgment holding that Defendants are equitably estopped from denying or repudiating the assurances and representations of the U.S. government that industrial hemp cultivation would be allowed if pursued according to the conditions set forth in the Farm Bill, including but not limited to assurances and representations that industrial hemp seeds could be obtained and used for the purposes intended by the Farm Bill.

(e)     For an award of Plaintiff KDA's costs and attorney's fees; and

(f)     For any and all other relief to which Plaintiff KDA may be entitled.

Respectfully submitted,

McBRAYER, McGINNIS, LESLIE
  & KIRKLAND, PLLC
9300 Shelbyville Road, Suite 210
Louisville, Kentucky 40222
(502) 327-5400
acubbage@mmlk.com
rwatson@mmlk.com


BY:   */s/ Amy D. Cubbage*
     AMY D. CUBBAGE
     ROBERT T. WATSON


and

DANIEL LUKE MORGAN
DOUGLAS T. LOGSDON

McBRAYER, McGINNIS, LESLIE
  & KIRKLAND, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
(859) 231-8780
lmorgan@mmlk.com
dlogsdon@mmlk.com

**ATTORNEYS FOR PLAINTIFF**

# VERIFICATION

The undersigned affirms that the facts included in this Petition for Declaratory and Injunctive Relief are true and correct to the best of his knowledge and belief.

James R. Comer
Kentucky Commission of Agriculture

Commonwealth of Kentucky  )
                           ):ss
County of Franklin         )

Subscribed and sworn to before me by James R. Comer on May 14, 2014.

Notary Public, Kentucky State at Large
My Commission Expires: 12/22/2018

ID NO.
502977

14